**Complaint in Federal Court for Violation of Civil Rights Act Denial of Necessary and Adequate Medical Care and Treatment, Discrimination, Due Process, and Speedy Trial**

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRCT OF TEXAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAY 31 2024
BY
DEPUTY____

| | |
|---|---|
| **GARRETT, DANIEL LEE** | **COMPLAINANT** |
| V | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE** | 1:24cv202 |
| **JEFFERSON CO. CORR. FACILITY,** | |
| **CORRHEALTH L.L.C.** | **RESPONDANTS** |
| **FORT BEND COUNTY JAIL** | |
| **HARRIS COUNTY SHERIFFS OFFICE** | |

## COMPLAINT

I.  I, **DANIEL LEE GARRETT** was confined in the **HARRIS COUNTY JAIL** on September 14, 2020, **JEFFERSON COUNTY CORRECTIONAL FACILTY** on March 7, 2024, to March 13, 2024, then transferred to **FORT BEND COUNTY JAIL** from March 13, 2024, to March 23, 2024. Complainant brings this civil action to redress the deprivation under color of state law of right, privileges and immunities secured to Complainant by provisions of the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States. Complainant alleges that he has been denied access to adequate and competent medical treatment, care and facilities; that the Respondent/s state corrections officials and his employees have failed and refused to deliver prescribed medication, failed and refused to carry out and/or complete physician's

treatment plans and orders. Complainant alleges further that the above-mentioned acts and/or policies and practices of the Respondent/s and staff are knowing, deliberate and intentional, in disregard for the health and well-being of Complainant and such acts, policies and practices are shocking to the conscience of a civilized persons and intolerable in a society purportedly governed by laws and considerations of due process.

II. This Court's jurisdiction is invoked pursuant to 28 U.S. Code § 1331, 1343(a)(3) and 42 U.S. Code § 1981(a)(c), 1983. The asserted and interest of the Plaintiff exceed $75,000.00, exclusive of interests and costs. The substantive claims in this action arise under 42 USC § 1983 and the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

III. Complainant **DANIEL LEE GARRETT** is a citizen of the United States and a resident of Beaumont, Texas. At all times pertinent to this action Complainant was incarcerated at the **HARRIS COUNTY JAIL, JEFFERSON COUNTY CORRECTIONAL FACILITY,** and **FORT BEND COUNTY JAIL** within the custody and control of the Respondent/s and its employees.

IV. Respondent/s, **JEFFERSON COUNTYCORRECTIONAL FACILITY, CORRHEALTH L.L.C** is contracted by **JEFFERSON COUNTY, TX** and based in the State of Texas and is and has always been pertinent to this action, and is responsible for the administration, operation, and supervision of local corrections institution and facilities within the State of Texas, and for the promulgation and enforcements of rules, regulations, policies, and practices relevant to such institutions. Respondent/s is sued individually and in his/her official capacity. (See Attachments) **Refer to Arrest Number 2024004494**

V.    Commencing on or about the 14th day of September 2020, Complainant **DANIEL LEE GARRETT** was confined at **HARRIS COUNTY JAIL** after experiencing a mental health emergency. Complainant was not provided adequate medical care upon intake. Complainant was released without treatment after a few hours of confinement.

VI.    Complainant was charged with a criminal trespass by **HARRIS COUNTY SHERRIFS OFFICE** after reports of Complainant "attacking" another citizen in 2024. Due to **HARRIS COUNTY JAIL** and **HARRIS COUNTY SHERRIFS OFFICE** negligence, and knowingly and/or intentionally released Complainant without proper medical attention, thus becoming accused of allegedly, running in the streets without proper clothing, and attacking citizens on the 15th of September 2020. (See Attachment) **Refer to Case number 233032301010-2 and 169007201010-3**

Plaintiff has mental health conditions acquired from military combat in Afghanistan and is receiving mental health treatment from Veterans Affairs Hospital in Houston, Texas. (See Attachment for Details). (Sixth Amendment)

Complainant is on Child Support, where 387th Magistrate Court presides in **FORT BEND COUNTY, TEXAS.** Since 2006, Complainant has been on Child Support and in 2007, enlisted into the U.S. Navy, discharged in 2012. Complainant was diagnosed with mental health disabilities acquired by combat operations in Afghanistan. A warrant was issued for Complainant's arrest issued by both **HARRIS COUNTY** and **FORT BEND COUNTY**; Criminal Trespass and Civil Failure to Appear, respectively. The criminal trespass warrant from the accusation on September 15, 2020 (above-mentioned) carried a $100 Bond. **HARRIS COUNTY** issued the warrant in 2024 without proper notice. (Sixth Amendment)

       **FORT BEND COUNTY** issued a warrant for Civil Failure to Appear that carried a $2500 Bond. Both bonds were combined, and Plaintiff was ordered to pay $2600 Cash Only Bond without proper notice. Complainant has a disability that prevents him from driving long distances. This information was told to the courts and was ignored and was placed in jail after efforts of rescheduling a court date ten days prior.  **Refer to Cause# 06DCV148955**

VII.    As of 7th day of March 2024, Plaintiff was confronted with a warrant issued by both **HARRIS COUNTY** and **FORT BEND COUNTY** which was executed by Beaumont Police Department. Upon knocking on Complainant's door and answering, Complainant was confronted by two officers and was asked to step outside to verify the warrant. Beaumont Police Department Officers did not have an accurate description of Complainant. Officers said "The warrant says you are a 69 year old white guy." Plaintiff is a 39 years old, black male. Officers asked Complainant to retrieve license and were informed of the two warrants for arrest. Complainant was denied prescribed medication to be taken with him to jail. Complainant showed the Officers the prescription pill bottles with Complainant's name. Complainant was denied. After being handcuffed and Complainant was taken to **JEFFERSON COUNTY CORRECTIONAL FACILITY** to be processed. While waiting, the arresting officer asks the clerk, "Are we allowed to bring prescribed medication with inmates upon arrest?" The clerk replied "Yes, as long as it has their names on it." Complaint was laughed at and was told the infirmary will provide medication.

VIII. Complainant needed specialized care to monitor his symptoms and alleviate the discomfort he was experiencing due to pre-diagnosed conditions such as PTSD, bipolar, depression, anxiety, schizophrenia and other military service-related injuries.

IX. During his incarceration from the above date to March 13, 2024, Complainant continued to report and indicate pain, withdrawals, hallucinations, physical pains over his body, almost daily; however, Complainant's needs for specialized treatment and care were ignored and/or refused by Respondent/s and employees; Complainant was denied treatment and/or medications that were prescribed to him.

X. March 13, 2024, Complainant was transferred from **JEFFERSON COUNTY CORRECTIONAL FACILITY** and placed into the custody of **FORT BEND COUNTY SHERRIFS OFFICE**. Upon transfer, Complainant did not receive any after care and/or reassessments and/or medical records. Upon arrival to **FORT BEND COUNTY JAIL**, Complainant provided pertinent information regarding his physical and mental health as well as his veteran status. Complainant's blood pressure was abnormally high and experiencing severe withdrawal symptoms due to the lack of medical treatment at **JEFFERSON COUNTY CORRECTIONAL FACILITY**. Complainant was asked by **FORT BEND COUNTY** medical staff about the mediation prescribed to Complainant but due to altered mental status, Complainant could not remember. The nurse called an unknown person over the speakerphone and Complainant was asked "What color are the pills?" Complainant replied, "He could not remember but it was a pinkish-white color." Complainant completed the intake process, classified, and placed into the housing units. Complainant received and consumed an unknown medication that was not the right dose, not properly verified

or labeled for easy identification, and was not the correct medication. Complainant's symptoms were not alleviated.

XI. Respondent/s, its agents and employees, with knowledge of Complainant's medical needs, and/or with deliberate indifference to such medical needs and have acted or failed to act in such a way as to deprive Complainant of necessary and adequate medical care thus endangering the Complainant's health and well-being. Such acts and omissions of the Respondent/s violate rights secured to the Complainant under the Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States.

XII. Respondent/s, its agents and employees, with knowledge of Complainant's veteran status and/or deliberate indifference to such veteran status and have acted or failed to in such a way to deprive Complainant mental health and veteran services as mandated by law. Such acts and omissions of the Defendant/s violate rights secured to the Complainant under TITLE 42 section 1981,1983, 2000dd.

XIII. Respondent/s, its agents and employees, with knowledge of the Complainant's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to do so in such manner as to prevent Complainant from obtaining needed medical treatment and care and/or to prevent needed medical treatment and care from reaching the Complainant thus endangering the Complainant's health and well-being. Such acts and omissions of the Respondent/s violate rights secured to the Complainant under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

XIV. Respondent/s, its agents and employees, with knowledge of the Complainant's medical needs have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution to provide needed medical care for to inmates in conformity with the standards for delivery of such medical care in the State of Texas as a whole.

XV. Respondent/s, its agents and employees, with knowledge of Complainant's medical needs, or with deliberate indifference to such medical needs, acted or failed to act in such a way as to provide medical care to Complainant in conformity with standard for delivery of such medical care in the State of Texas as a whole and have in fact provided medical care which does not meet such standards thus endangering Complainant's health and well-being in violation of rights secured to Complainant by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States to instruct, supervise and train their employees and agents to ensure the delivery of medical care to Complainant which is consistent with the standards of medical care in the State of Texas as a whole.

XVI. Respondent/s, knowing of all the medical needs of the Complainant or with deliberate indifference to such needs, have failed to instruct, supervise and train their employees and agents in such a manner as to assure the delivery of medical care to Complainant which is consistent with the standards of medical care in the State of Texas as a whole thus endangering Complainant health and well-being in violation of rights secured to Complainant and members of the Complainant class by the Fifth, Eighth, Ninth, Fourteenth Amendments to the Constitution of the United States.

XVII. The Respondent/s above-mentioned actions and/or omission were negligent and/or reckless and/or intentional.

XVIII. The Respondent/s above-mentioned actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the State of Texas, the Department of Corrections of the State of Texas, and/or State Correctional Centers.

XIX. Complainant has no adequate and sufficient remedy at law with which to address the wrongs alleged in this complaint and will continue to suffer irreparable injury from the conduct of Respondent/s unless he is granted the equitable relief prayed for.

XX. As a direct and proximate result of the above-described actions and omissions of Respondent/s, Complainant has general damages in amounts excess of $75,000.00, exclusive of interest and costs, the exact amount will be proven at trial.

XXI. The acts, conduct, and behavior of Respondent/s were performed knowingly, intentionally, and maliciously, by reason of which Complainant is also entitled to an award of punitive damages in the amount of $250,000.00 under Tort Law.

**WHEREFORE,** Complainant prays for relief as follows:

1. That the court determine and enter judgement declaring that the acts and omissions of the Respondent/s, as set forth above, violate rights secured to Complainant by Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States.

2. That upon hearing, the Court issues a preliminary and permanent injunction:

    i. Enjoining the Respondent/s, its employees, agents and successors in office from providing medical care and treatment to Complainant that is inconsistent with the standards of medical care and treatment in the State of Texas as a whole;

    ii. Enjoining the Respondent/s, his employees, agents and successors in office from refusing to provide and/or delaying provision of necessary medical treatment and care to Complainant either at suitable and adequate facilities within **HARRIS COUNTY, TX FORT, BEND COUNTY, TX, JEFFERSON COUNTY, TX** or elsewhere;

    iii. Enjoining the Respondent/s and its successors in office from failing to instruct, supervise, and train employees and agents in such a manner as to assure delivery of medical treatment and care to Complainant which is consistent with the standards of medical care in the State of Texas as a whole;

3. That the Court award general damages to Complainant;

4. That the Court award punitive damages to Complainant;

5. That the Respondent/s be required to pay the legal costs and expenses in this action, including reasonable provisions.

6. That the Court grant such further and additional relief that is appropriate.

Respectfully submitted,

*/s/ Daniel Garrett*

Daniel Garrett

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIEL LEE GARRETT

**DEFENDANTS**
JEFFERSON COUNTY CORR. FACILITY
FORT BEND COUNTY JAIL
CORR. HEALTH L.L.C.

**(b)** County of Residence of First Listed Plaintiff: JEFFERSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Jefferson Co.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(Pro Se) 2570 SWEETGUM LN. 22
BEAUMONT, TX 77703

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CIVIL RIGHTS**: [x] 440 Other Civil Rights

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. Code Sec. 1981, 1983

Brief description of cause:
DISCRIMINATION, MEDICAL MALPRACTICE / NEGLIGENCE

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.